UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BIRUTE GUDENAVICHENE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>　　　　Defendants. | 2:12-CV-82 JCM (GWF) |

**ORDER**

Presently before the court is defendants Mortgage Electronic Registration Systems, Inc., ReconTrust Company, N.A., and Bank of New York Mellon, as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-OA7 Mortgage E Pass-Through Certificates Series 2006-OA7's motion to dismiss. (Doc. #10). Plaintiff Bruce Gudenavichene has filed an opposition (doc. #17) to which defendants have replied (doc. #18).

Plaintiff's opposition to the motion to dismiss attaches a proposed, amended complaint. Plaintiff asserts that the amended complaint supersedes the original complaint and therefore only argues against the motion to dismiss as it relates to plaintiff's amended complaint. Prior to reaching the merits of defendants' motion to dismiss, the court will first turn to determining the validity of the amended complaint.

**James C. Mahan**
**U.S. District Judge**

I. Discussion

Amended Complaint

    *(a)    Amendment as a Matter of Course*

Federal Rule of Civil Procedure 15(a)(1)(B) grants a party the right to amend its pleading once, as a matter of course, within "21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (e), or (f), whichever is earlier."

Defendants served plaintiff with their Rule 12(b)(6) motion to dismiss on February 1, 2012. On February 24, 2012, 23 days after service of the 12(b)(6) motion, plaintiff filed his opposition to the motion, attaching the proposed, amended complaint as an exhibit.

This court finds that the amended complaint does not comport with Rule 15(a)(1)(B), and therefore is inoperative. First, plaintiff never filed his amended complaint on the docket. Instead, it is merely filed as a proposed complaint and attached as an exhibit to a memorandum in opposition to a motion to dismiss. Second, plaintiff could not amend his complaint "as a matter of course" pursuant to Rule 15(a)(1)(B) because he did not file the amended complaint within "21 days after service of a motion under 12(b). . . ." Instead, plaintiff waited 23 days to serve the proposed, amended complaint as an exhibit.

Accordingly, this court finds that the amended complaint, as filed, is inoperative and does not serve to moot defendants' motion to dismiss.

    *(b)    Amendment with Leave of Court*

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182. In addition to the Rule 15(a) requirements, the local rules of federal practice in

the District of Nevada require that a plaintiff submit a proposed, amended complaint along with a motion to amend. LR 15-1(a).

Plaintiff does not seek leave of court to amend his complaint pursuant to Rule 15(a)(2). He has filed no motion seeking leave to amend, nor does his opposition to the motion to dismiss request that this court grant such leave. Furthermore, the court notes that defendants' reply memorandum indicates that the amendments contained in the proposed amended complaint also fail to state a claim upon which relief can be granted, and are therefore futile. *See Foman*, 371 U.S. at 182 (listing futility as grounds for denying leave to amend).

Accordingly, the court will not construe plaintiff's opposition to the motion to dismiss as a motion to amend. As such, the proposed amended complaint does not operate to moot the motion to dismiss or supersede the original complaint. The court will disregard the proposed amended complaint and determine whether plaintiff's original complaint states a claim upon which relief can be granted.

Motion to Dismiss

A plaintiff must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

Courts must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

**James C. Mahan**
**U.S. District Judge**

- 3 -

Plaintiff's opposition to the motion to dismiss fails to counter the arguments raised in defendants' motion to dismiss. Instead, the opposition introduces the proposed amended complaint and counters the motion to dismiss as it relates to the proposed amended complaint. As explained above, the proposed amended complaint is improper and does not affect this court's consideration of the motion to dismiss. This court is cognizant that such a holding renders defendants' motion to dismiss effectively unopposed.

Pursuant to Local Rule 7-2(d) "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Here, plaintiff's opposition has failed to respond to any of the arguments raised in the motion to dismiss, and thus this court is constrained to grant the motion to dismiss. The court therefore dismisses the complaint without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. #10) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED that plaintiff's complaint be, and the same hereby is, DISMISSED without prejudice.

DATED April 4, 2012.

*James C. Mahan*
**UNITED STATES DISTRICT JUDGE**